**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Melissa and Corey Estus Final Plat Approval**          **Docket No. 92-7-12 Vtec**

Title: Motion for Summary Judgment

Filed: October 18, 2012

Filed By: Appellant Main Line Tractor & Equipment Co., Inc.

Response in Opposition filed 11/30/12 by Appellees Corey Estus and Melissa Estus

___ Granted                    _X_ Denied                    ___ Other

Before us on appeal is a decision by the Town of Grand Isle Development Review Board (DRB) granting Final Plat Approval for a Minor Subdivision of Land.  Corey and Melissa Estus (Applicants) applied to the DRB for minor subdivision approval of a proposed three-lot subdivision on their property located at 27 Faywood Road in Grand Isle.  The DRB granted Applicants final plat approval on July 2, 2012.  In granting final approval, the DRB also granted the Applicants a waiver of Grand Isle Zoning Bylaws (Bylaws) Private Road Standard E (Private Road Standard E).  In re Melissa and Corey Estus Application for Final Approval of a Plat for a Minor Subdivision of Land, Conclusions of Law, at 9 (Grand Isle Dev. Review Bd. June 28, 2012).  Adjacent property owner Main Line Tractor & Equipment Co. (Appellant) appealed the grant of the waiver and subsequently filed a motion for summary judgment.  This entry order considers that motion.

We will grant summary judgment to a moving party (here, Appellant) upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2).  We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party (here, Applicants) the benefit of all reasonable doubts and inferences.  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citations omitted); see V.R.C.P. 56(c) (laying out summary judgment procedures).  Both the party claiming that a material fact is undisputed and the party seeking to establish a dispute of material fact must support their assertions with citations to materials in the record.  V.R.C.P. 56(c)(1); see Reporter's Notes—2012 Amendment, V.R.C.P. 56 ("Rules 56(c)(1)(B) and (c)(2) clarify that all asserted facts must be based on admissible evidence").

In appealing the DRB's decision, Appellant filed a Statement of Questions containing two questions.  The first question asks whether the DRB erred in waiving Private Road Standard E, and the second question asks whether Private Road Standard E may be waived where there is no showing that topographic or other conditions make the continuation of the road undesirable or impractical.  For the purpose of this Order, the Court interprets both questions to ask whether a waiver of Private Road Standard E in this case complies with the Bylaws, specifically Section 7.10.1 (subdivision road standards) and Section 7.6 (waiver guidelines).

Bylaws Section 7.10.1 mandates that all private roads comply with the requirements set forward in Appendix B, which includes Private Road Standard E. Private Road Standard E requires that "[t]he arrangement of roads in all subdivisions shall provide for the continuation of private roads of adjoining subdivisions and for proper projection of private roads through adjoining properties which are not yet subdivided." Bylaws, Appendix B. The DRB may waive the requirements of Private Road Standard E "[w]here topographic or other conditions make such continuance undesirable or impractical." Id. In this case, Applicant's proposed subdivided lots would be accessed by a private road, Rolling Meadow Lane. Applicant's site plan depicts Rolling Meadow Lane ending in a hammerhead turnaround on proposed lot 5. In its final decision, the DRB waived the requirement under Private Road Standard E that Applicant make provisions for the continuation of Rolling Meadow Lane to Appellant's adjoining property.

In its motion for summary judgment, Appellant asserts that the DRB improperly waived Private Road Standard E, because it is undisputed that no topographic or other conditions exist on the Applicants' property that make the potential continuation of Rolling Meadow Lane to Appellant's adjoining property impractical or undesirable. To support this assertion, Appellant refers to the affidavit of Carl Cobb, an agent of Main Line Tractor Co. with an alleged personal knowledge of the topography of the Applicants' property. Mr. Cobb states in his affidavit that there are no conditions on Applicants' property that would make continuation of the road impractical. Appellant also contends that the waiver of Private Road Standard E violates Section 7.6 of the Bylaws, which prohibits the grant of any waiver that would have the effect of "nullifying the intent and purpose of the Town Plan." According to Appellant, a waiver of Private Road Standard E in this case nullifies the intent of the Grand Isle Town Plan to efficiently develop right of way access and to eliminate unnecessary road cuts.

In their opposition to summary judgment, Applicants argue that a genuine dispute of material fact exists as to whether conditions on Applicants' property make the grant of a waiver appropriate. In particular, Applicants contend that "other conditions" on their property justify the waiver of Private Road Standard E. See Bylaws, Appendix B. These alleged conditions include existing road frontage and a curb cut leading to Appellant's property and the existence of a wetland on Applicants' property. Applicants also contend that the waiver of Private Road Standard E does not nullify the town plan, because, while the town plan provides recommendations and implementation strategies, it does not supplant the Grand Isle Zoning Bylaws.

In supporting their assertions, Applicants offer sworn testimony that Appellant's property has extensive frontage along U.S. Route 2 and that Appellant has recently subdivided part of this land, which is accessed via a private road called Canamak Road. Ms. Estus states in her affidavit that the distance from the terminus of Canamak Road to the Appellant's property is about 1,450 feet, and thus it would be "more practical" for Appellant to extend Canamak Road to provide access to Appellant's property than for Applicants to extend Rolling Meadow Lane to provide the same access. (Aff. of Melissa Estus at ¶ 5, filed Nov. 30, 2012.) Applicants also contend that over one acre of wetland exists on lot 5 of their proposed subdivision. The right of way requested by Appellant would run along the western edge of proposed lot 5, from the current proposed terminus of Rolling Meadow Lane to the Appellant's property. In her affidavit, Ms. Estus states that, because of the wetland, "[t]he extension of a proposed right of way sixty (60) feet in width from the southerly boundary of Lot 5 to its northern boundary would have further compromised its use and marketability." Id. at ¶ 6.

The language used by the Applicants to describe the "other conditions" on their property that justify the waiver is unclear. Applicants' assertion that the right of way from the terminus of Canamak Road would be a "more practical" thoroughfare for reaching Appellant's property than a right of way from the terminus of Rolling Meadow Lane is unsupported by evidence such as a map or site plan indicating the location of Canamak Road. Applicants also fail to provide any details describing the alleged wetland on their proposed lot 5. Nevertheless, in reviewing a motion for summary judgment, this Court gives the non-moving party, in this case Applicants, the benefit of all reasonable doubts and inferences. See Robertson, 2004 VT at ¶ 15.

Accordingly, this Court finds that a genuine dispute of material fact remains, and we **DENY** Appellant's motion for summary judgment. Please see the enclosed notice of a status conference, during which the parties should be prepared to discuss whether they are ready for trial and, if so, be prepared to provide dates of unavailability for the months of May and June, 2013.

| | |
|---|---|
| _____ | _____February 25, 2013_____ |
| Thomas G. Walsh, Judge | Date |

==================================================================

Date copies sent: _____　　　　　　　　　　　　　Clerk's Initials: _____

Copies sent to:

　Joseph D. Fallon, Attorney for Appellant Main Line Tractor and Equipment Co., Inc.

　Daniel S. Triggs, Attorney for Appellees Corey and Melissa Estus